IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOSHUA BRADSHAW, :
:
Plaintiff :
:
v. : CIVIL NO. 3:CV-13-536
:
LUZERNE COUNTY, ET AL., : (Judge Brann)
:
Defendants :

## MEMORANDUM

April 2, 2013

**Background**

Joshua Bradshaw, an inmate presently confined at the State Correctional Institution, Coal Township, Pennsylvania (SCI-Coal Twp.), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Pennsylvania. The required filing fee has been paid. By Order dated February 25, 2013, the Eastern District transferred Bradshaw's action to this Court. See Doc. 5. For the reasons set forth below, Bradshaw's action will be dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915A.

The only Defendant specifically named in the Complaint is Luzerne

1

County, Pennsylvania.¹ Plaintiff vaguely alleges that he was subjected to "false arrest, false imprisonment, malicious prosecution, abuse of process and interference with contract rights." Doc. 1, p. 1. The sparsely detailed Complaint indicates that Bradshaw was falsely accused, arrested, and imprisoned by multiple law enforcement officers in Luzerne County and thereafter subjected to an unlawful criminal prosecution by members of the Luzerne County District Attorney's office.² Plaintiff's Complaint seeks compensatory and punitive damages as well as declaratory and injunctive relief (the dismissal of his criminal proceedings).

## Discussion

As previously noted, Plaintiff has paid the required filing fee. 28 U.S.C. § 1915A provides in pertinent part:

> (a) **Screening**. -- The court shall review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal**. -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -

---

¹ Plaintiff indicates that he also wishes to proceed against various law enforcement officers and members of the District Attorney's office.

² The Complaint asserts vague, unsupported claims that his arrest and apparent conviction were obtained through false swearing and official oppression.

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

A district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

**Monetary Damages**

Based upon a review of the Complaint, there is no clear indication as to whether Plaintiff was convicted of the criminal charges which are the basis for this action or if he is presently facing criminal prosecution on those charges in Luzerne County.[3] To the extent that Plaintiff is seeking an award of monetary damages, it is a well-established principle of law that a state prosecuting attorney is absolutely immune from liability for damage under § 1983 for acts such as the initiation of the

---

[3] Given his ongoing incarceration at SCI-Coal Twp., Bradshaw is clearly serving a Pennsylvania state criminal sentence.

3

prosecution and presentation of the state's case which are intimately associated with the judicial phase of the criminal process. Imbler v. Pachtman, 424 U.S. 409, 420 (1976); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 462 (3d Cir. 1996). However, only qualified immunity is available to prosecutors with regard to allegations based on their administrative and/or investigative duties. See Hawk v. Brosha, 590 F. Supp. 337, 344 (E.D. Pa. 1984).

Any claim by Bradshaw that former Luzerne County District Attorney Lupas or any Luzerne County assistant district attorney unlawfully prosecuted the Plaintiff is "intimately associated with the judicial phase of the criminal process." See Imbler, 424 U.S. at 430. Therefore, former District Attorney Lupas and his staff are absolutely immune from damages with respect to the malicious prosecution claim.

With respect to any claims for monetary damages against any law enforcement officer, in Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid", until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a

4

writ of habeas corpus." Id. at 486-87. There is no assertion in the Complaint that the Luzerne County criminal conviction or prosecution underlying this action has been rendered invalid.

Based on the nature of Bradshaw's allegations, a finding in his favor would imply the invalidity and/or comprise the Luzerne County criminal conviction/prosecution at issue herein. Thus, any request by Plaintiff for monetary damages against any law enforcement officer with respect to his Luzerne County criminal conviction or prosecution is premature because Bradshaw cannot maintain a cause of action for unlawful imprisonment until the basis for that imprisonment, his criminal conviction or prosecution, is rendered invalid. See Gibson v. Superintendent, 411 F.3d 427, 449 (3d Cir. 2005); Sanchez v. Gonzalez, No. 05-2552, 2005 WL 2007008 *2 (D.N.J. Aug. 16, 2005). Any request by Bradshaw for compensatory damages is premature and must be deferred under Gibson and Sanchez until his underlying Luzerne County criminal prosecution is rendered invalid. Thus, if Plaintiff is able to successfully challenge his Luzerne County conviction/criminal charges, under Heck, he may then reassert a claim for damages in a properly filed civil rights complaint.

**Injunctive/Declaratory Relief**

Inmates challenging the duration of their confinement or seeking earlier or

5

speedier release must assert such claims in a properly filed habeas corpus petition. Preiser v. Rodriguez, 411 U.S. 475 (1975), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied 510 U.S. 920 (1993). Federal habeas corpus review is the appropriate remedy when "the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). The Third Circuit Court of Appeals in Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005), reiterated that federal habeas corpus review allows a prisoner "to challenge the 'execution' of his sentence."

Accordingly, to the extent that Bradshaw is seeking his release from confinement or challenging the legality of a Luzerne County criminal conviction/criminal prosecution, such requests for injunctive relief are not properly asserted in a civil rights complaint under the standards announced in Preiser and Leamer. See generally Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985) (civil rights claims seeking release from confinement sound in habeas corpus).

Likewise, a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a § 1983 civil rights action. Edwards v. Balisok, 520 U.S. 641, 646 (1997).

**Conclusion**

Since Plaintiff's pending civil rights complaint is "based on an indisputably

6

meritless legal theory" it will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774. Plaintiff is free to challenge any Luzerne County criminal conviction in a properly filed habeas corpus proceeding. An appropriate Order will enter.

Matthew W. Brann
MATTHEW W. BRANN
United States District Judge
